UNITED STATES of America,
Plaintiff–Appellee,

v.

Joel CELEDON, also known as Angel Gonzalez–Soto, also known as Joel Celedon–Rios, also known as Abel C. Gonzalez, also known as Abel Soto, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Joel Celedon–Rios, also known as Armando De La Cruz–Vasquez, Defendant–Appellant.

No. 03–20643, 03–40758.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mitchel Neurock, US Attorney's Office, Laredo, TX, James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E Dahlin, II, Federal Public Defender, Richard Bruce Gould, Aurora Ruth Bearse, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Joel Celedon, also known as Joel Celedon–Rios, appeals his guilty-plea conviction and sentence for being found illegally present in the United States after deportation. He argues, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. Celedon concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it for possible review by the Supreme Court.

This argument is foreclosed by *Almendarez–Torres*, 523 U.S. at 235, 118 S.Ct. 1219. We must follow the precedent set in *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000) (internal quotation and citation omitted).

Celedon does not brief any argument concerning how or why any potential reduction in his sentence for the 8 U.S.C. § 1326 conviction would have any bearing on the sentence the district court imposed upon revocation of his supervised release.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Celedon has thus abandoned his appeal from the revocation of his supervised release. *United States v. Valdiosera–Godinez*, 932 F.2d 1093, 1099 (5th Cir.1991).

AFFIRMED.